UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


**DEBORAH KING**                                          **CIVIL ACTION**

**VERSUS**                                                **No. 07-7675**

**LOUISIANA CITIZEN'S FAIR**                              **SECTION: "I"/5**
**PLAN INSURANCE COMPANY**


                          <u>**ORDER AND REASONS**</u>

   Before the Court is a motion to vacate pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and a motion to remand filed on behalf of plaintiff, Deborah King ("King").[1]  For the following reasons, King's motions are **GRANTED.**

   Having thoroughly reviewed King's motions to vacate and remand[2] and the applicable law, and considering the fact that said motions are unopposed, the Court finds that it lacked subject matter jurisdiction in the above-captioned matter when it

---

[1] Rec. Doc. No. 16.  Federal Rule of Civil Procedure 60(b)(4) provides that a party may be relieved from final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4).  "A judgment is void only if 'the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  *Haygood v. Quarterman*, 2008 WL 3244144, at *3 (5th Cir. Aug. 8, 2008) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2862 (2d ed. 1995)).

[2] In her motion to vacate the Court's April 24, 2007 order dismissing without prejudice defendant, Louisiana Citizen's Fair Plan Insurance Company, King argues that the Court lacked subject matter jurisdiction over the action because there was not complete diversity of citizenship among the parties as required by 28 U.S.C. § 1332.  28 U.S.C. § 1332 (2006); Rec. Doc. No. 16-2, p. 2.  By adding Louisiana Citizen's Fair Plan Insurance Company, a Louisiana citizen, as a defendant, King destroyed complete diversity of citizenship between the parties.

dismissed defendant, Louisiana Citizen's Fair Plan Insurance Company, without prejudice on April 24, 2008.

Accordingly,

**IT IS ORDERED** that the Court's April 24, 2008 order dismissing defendant, Louisiana Citizen's Fair Plan Insurance Company, without prejudice is **VACATED**.

**IT IS FURTHER ORDERED** that King's motion to remand is **GRANTED** and that the above-captioned matter and all claims asserted therein are remanded to Civil District Court for the Parish of Orleans, State of Louisiana.[3]

New Orleans, Louisiana, August 18th, 2008.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

2